OPINION OF THE COURT
Henderson W. Morrison, J.
This action pits husband against wife. At stake, the survival of their unborn child. Despite two orders of this court, the defendant wife has not appeared to answer her husband’s allegations. Therefore, what follows must necessarily be based solely on the husband’s allegations.
The husband initially made application by order to show cause, seeking an order requiring that any abortion be performed in accordance with section 4164 of the Public Health Law. Following oral argument, I dismissed the proceeding without prejudice because there was no allegation that the defendant wife intended to violate the statute.
*398 The plaintiff has now renewed the application. I note that the order to show cause on the renewal application was served pursuant to CPLR 308 (2) and that such service could not be sufficient within the time period contemplated by the order to show cause. In addition, there is some indication that the abortion has been completed and the application is moot. However, it remains possible that a swift disposition on the merits is of critical importance. (Penal Law § 125.05 [3].)
The story is simple but, to my mind, tragic. The wife is allegedly in her 23rd week of pregnancy. The plaintiff is the father of their unborn child. The wife has elected to abort the child she is carrying. The reasons include a concern about her appearance, the difficulties of life in this world and family disharmony. The fact that this matter is before me is ample evidence of that. There is also some indication that the wife has an unspecified heart ailment. I credit the husband’s claim that he is ready, willing and able to care for the child in the event of a live birth. Based upon this record, the plaintiff would have me restrain the wife and any hospital from performing an abortion which would result in the death of his unborn child. This I cannot do.
Beginning with Roe v Wade (410 US 113), the Supreme Court of the United States erected a qualified bar to State intervention in a woman’s right to choose between abortion and childbirth. Interference with this right may only occur if supported by a compelling State interest. (Roe v Wade, 410 US 113, 163, supra.) A State interest in the survival of the unborn child does not arise until the point of medically determined viability. (Colautti v Franklin, 439 US 379, 388.) Spousal consent has been specifically ruled to be interference with the right to choose. (Planned Parenthood of Mo. v Danforth, 428 US 52, 67.) The State and the husband cannot interfere with the right afforded the defendant wife by Roe v Wade until viability. It necessarily follows that I cannot.
In so ruling, I have fulfilled the requirements of my oath of office. That oath requires, at a minimum, that I adjudicate without regard to my personal beliefs, without regard to fear or favor. I also recognize that whatever my personal views, the subject of abortion is a matter of serious controversy. That said, I cannot help but express my feeling that the abortion of a potential life for purely cosmetic reasons is simply intolerable in a society which claims any pretense to civilization.
The temporary restraining order requiring that the abortion *399 be performed in accordance with section 4164 of the Public Health Law is continued until such time as article 125 of the Penal Law applies.
The appointment of A. Lawrence Washburn, Jr., as guardian of the unborn child is continued solely for the purpose of appellate review. In all other respects, the application of the plaintiff is denied and the action dismissed.